UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ANTONIO GOINS                                                               MOVANT/DEFENDANT

v.                                                                                    CRIMINAL ACTION
NO.3:05CR-136-C
CIVIL ACTION NO. 3:08CV-P195-C

UNITED STATES OF AMERICA                                              RESPONDENT/PLAINTIFF

### MEMORANDUM OPINION

The movant, Antonio Goins, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 or, alternatively, to withdraw his guilty plea under Fed. R. Crim. P. 11. The court denied the motion to withdraw his guilty plea as improper and directed the movant to show cause why the § 2255 motion should not be denied as barred by the statute of limitations. The movant filed a response, and the matter is ripe for consideration. For the reasons that follow, the court will deny the § 2255 motion as untimely, dismiss the action, and deny a certificate of appealability.

I.

On May 11, 2006, movant Goins pled guilty to counts 1, 3, 4 and 5 of the indictment. The court sentenced the movant on August 10, 2006, and entered the judgment and commitment order on October 2, 2006. The movant did not file an appeal.

On November 7, 2007,[1] Goins moved for reduction of sentence under 18 U.S.C. § 3582(c)(2) in light of the amendments to the Sentencing Guidelines pertaining to crack cocaine offenses. By order entered January 30, 2008, the court denied the motion without prejudice to renew the request after March 3, 2008, when the amendments became effective.

On April 10, 2008,[2] Goins filed the instant § 2255 motion to vacate, set aside, or correct his sentence or, alternatively, a motion to withdraw his guilty plea under Fed. R. Crim. P. 11. By order entered April 29, 2008, the court denied the motion to withdraw guilty plea and directed Goins to show cause why the § 2255 action should not be dismissed as untimely. In response, he argues first that his November 2007 motion filed pursuant to 18 U.S.C. § 3582(c)(2) was actually a § 2255 motion and that the court should have construed it accordingly. Second, and building upon the former argument, Goins asserts that, pursuant to Sup. Ct. R. 13(3), the one-year limitations period did not begin to run until 90 days after entry of judgment. Therefore, claims Goins, the one-year limitations period did not expire

---

[1] Under the mailbox rule, a document is deemed filed with the court on the date that it is deposited in the prison mail system for mailing. *See, e.g., Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that a *pro se* prisoner's notice of appeal on habeas corpus review is deemed filed on the date that it is turned over to prison officials for transmittal to court). Absent evidence to the contrary, the court presumes that Goins placed his § 3582(c)(2) motion in the prison mailing system on November 7, 2007, the date of signing.

[2] Absent evidence to the contrary, the court presumes that Goins placed his § 2255 motion in the prison mailing system on April 10, 2008, the date of signing. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999) (applying the mailbox rule to § 2255 actions).

until December 29, 2007, rendering his November 7, 2007, motion timely.

## II.

Section 2255 provides for a one-year limitations period, which shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* § 2255 ¶6. As found in the court's prior order, the only section applicable to the facts in this case is the first section.

The judgment-and-commitment order was entered October 2, 2006, and Goins did not file an appeal. "[A]n unappealed district court judgment of conviction becomes 'final' ten days after the entry of judgment." *Sanchez-Castellano v. United States*, 358 F.3d 424, 425 (6th Cir. 2004). The one-year limitations period, therefore, began running on October 17, 2006,[3] and expired a year later on October

---

[3]Under Fed. R. App. P. 26(a), when computing time, the court must "[e]xclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days." Fed. R. App. P. 26(a)(2). Here, excluding the intermediate Saturdays and Sundays and Columbus Day, the tenth day fell on October 17, 2006.

3

17, 2007. Because Goins did not file his § 2255 motion until April 10, 2008, the motion is time-barred under the statute.

While Goins argues that the court should have construed his November 7, 2007, § 3582(c)(2) motion for reduction as a § 2255 motion, the court disagrees. To explain, in the § 2255 motion presently before the court, Goins argues the invalidity of his guilty plea due to ineffective assistance of counsel and claims that he is eligible for a "Safety Valve" consideration in light of the amended Sentencing Guidelines. However, the only basis he asserts for filing his § 3582(c)(2) motion for reduction is that the Sentencing Guidelines have been amended. He even quotes a portion of § 3582(c)(2).[4] The court, therefore, finds that Goins's November 2007 motion for reduction based on the amended Sentencing Guidelines was properly brought under § 3582(c)(2).

As to Goins's second argument, referencing *Clay v. United States*, 537 U.S. 522 (2003), he argues that the one-year limitations period did not begin to run until

---

[4]Section 3582(c)(2) provides,

> in the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered by the Sentencing Commission* pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

(Emphasis added). In his one-page motion for reduction, Goins writes, "The District Court may reduce a defendant[']s term of imprisonment that was based on a Sentencing range which has subsequently been lowered by the United States Sentencing Commis[s]ion."

4

the 90-day period for filing a petition for writ of certiorari with the United States Supreme Court expired. He misinterprets the holding in *Clay*, believing that the 90-day period tolls the limitations period regardless of whether a defendant filed an appeal. In *Clay*, however, the Supreme Court specifically held that "[f]or the purpose of starting the clock on § 2255's one-year limitation period . . . a judgment of conviction becomes final when the time expires for filing a petition for certiorari *contesting the appellate court's affirmation of the conviction*." *Id.* at 525. Because Goins never filed an appeal, no appellate court ever affirmed his conviction, and the 90-day period did not toll the running of the limitations period. His conviction, therefore, became final on October 17, 2006, ten days after the entry of judgment, rendering his April 10, 2008, § 2255 motion untimely by nearly six months.

Finally, Goins does not allege any circumstances appropriate for applying the doctrine of equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001).

**III.**

Before Goins may appeal this court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). When a district court denies a § 2255 motion on procedural grounds without addressing the merits of the motion, a certificate of appealability

5

should issue if the movant shows "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. When a plain procedural bar is present and the court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the movant should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.*

In the instant case, no jurists of reason could find the court's procedural ruling to be debatable. Thus, a certificate of appealability will be denied.

The court will enter an order consistent with the memorandum opinion.

The **clerk of court is DIRECTED to send** a copy of this order to Goins and to the United States Attorney.

Signed on  January 3, 2009

**Jennifer B. Coffman, Judge**
**United States District Court**

6